**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09-cv-48-RLV
(5:05-cr-237-RLV-DCK-5)**

| | |
|---|---|
| **BROOKS THOMAS LACKEY BROWN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |
| _____) | |

    **THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1); Respondent's Motion for Summary Judgment, (Doc. No. 10); Petitioner's Supplemental Memorandum and Supplemental Authority, (Doc. Nos. 17; 19); Respondent's Motion for Extension of Time to File Response/Reply, (Doc. No. 29); Respondent's Supplemental Brief in Opposition to Petitioner's Motion to Vacate, (Doc. No. 30); and Petitioner's Reply to Respondent's Motion for Summary Judgment, (Doc. No. 31). For the reasons stated herein, the Court will grant Respondent's Motion for Summary Judgment, grant Respondent's Motion for Extension of Time, and dismiss Petitioner's Motion to Vacate with prejudice.

## I.    BACKGROUND

    On August 23, 2005, Petitioner Brooks Brown was charged, along with eight co-defendants, in a sixteen-count Bill of Indictment. (See 5:05cr237, Doc. No. 3). Petitioner was charged with conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; two counts of possession with intent to

distribute methamphetamine and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2; two counts of distribution of methamphetamine and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; distribution of methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(b), and 18 U.S.C. § 2; and two counts of unlawfully using and carrying a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1). <u>See</u> (<u>Id.</u>). Following a competency hearing on July 13, 2006, the Court determined that Petitioner was competent to proceed.

Petitioner and the Government entered into a written plea agreement on August 4, 2006. <u>See</u> (<u>Id.</u>, Doc. No. 140). Petitioner pled guilty to the conspiracy count. He also admitted that on March 8, 2004, he had possessed a firearm, and he therefore pled guilty to one court on the firearm charge. (<u>Id.</u>). He admitted that he "bought, sold, and transported methamphetamine" and "partnered and conspired with many of his other charged co-defendants as well as many others not charged to effectuate, forward, further and succeed in his drug dealing endeavors." (<u>Id.</u>). With regard to the firearm charge, Petitioner admitted to possessing and carrying a .357 revolver "during the commission of a drug deal and that the firearm was possessed and carried to further this drug deal." (<u>Id.</u>).

With regard to Petitioner's sentence, the parties agreed that Petitioner was responsible for a quantity of "more than 500 grams but less than 1.5 kilograms" of methamphetamine and that a sentence of 240 months incarceration was appropriate. (<u>Id.</u>). The plea agreement also set forth a waiver provision, expressly providing that, in exchange for concessions made by the Government, Petitioner waived all rights to contest his convictions and sentence, except for claims of ineffective assistance of counsel and prosecutorial misconduct. (<u>Id.</u>). Petitioner further stipulated that any sentence, as determined by the United States Probation Office, and

any departures recommended by the Government were <u>per se</u> reasonable, and Petitioner waived "any right to contest such a sentence on the basis that the Court's imposition of such a sentence was unreasonable or an abuse of its discretion."  (<u>Id.</u>).

On August 15, 2006, U.S. Magistrate Judge Carl Horn, III, conducted Petitioner's Rule 11 colloquy, and Petitioner and his trial co-counsel affirmed that the answers provided during the proceeding were true and complete.  <u>See</u> (<u>Id.</u>, Doc. No. 226 at 6).  The hearing transcript indicates that several other defendants were also entering pleas that morning and that, during a bench conference, the recording of the proceedings was turned off for approximately eighteen minutes.  The recording then resumes with another defendant setting forth a guilty plea.  <u>See</u> (<u>Id.</u>).  The transcript reflects that Petitioner heard and understood all parts of the proceeding.  (<u>Id.</u> at 10).  He affirmed that he understood the appellate waivers as set forth in the plea agreement, (<u>id.</u> at 9), affirmed that he and his attorney discussed possible defenses to the charges, affirmed that he was satisfied with his attorney's services, and affirmed that he still wished to plead guilty. (<u>Id.</u> at 10).  Judge Horn then accepted Petitioner's guilty plea, determining that it was entered knowingly and voluntarily and that Petitioner understood the charges and consequences of the plea.  (<u>Id.</u> at 12).

Petitioner's agreed-upon sentence of 240 months imprisonment was referenced numerous times during the Rule 11 hearing.  After the Court accepted Petitioner's guilty plea, Petitioner's counsel addressed a motion for reconsideration of bond, (<u>id.</u> at 12-13), and acknowledged that Petitioner "is facing 240 months in prison.  He realizes that."  (<u>Id.</u> at 17).  Similarly, Judge Horn noted that Petitioner initially faced 40 years imprisonment and had "at least cut that in half."  (<u>Id.</u> at 14; 23).  The Government also confirmed that Petitioner "pled guilty today pending an 11(c)(1)(C) plea" and had agreed to 240 months of incarceration.  (<u>Id.</u> at 18).

The Probation Office completed Petitioner's Presentence Report ("PSR") on or about January 18, 2007. See (Id., Doc. Nos. 179; 205). Petitioner's base offense level was 32 based on the quantity of methamphetamine for which Petitioner accepted responsibility. See (Id., Doc. No. 205 at ¶ 60). Two offense levels were added, based on Petitioner's aggravating role, (id. at ¶ 63), and Petitioner received a three-level reduction for his acceptance of responsibility, (id. at ¶ 67). The Probation Officer noted that Petitioner would not receive a two-level firearm enhancement, (id. at ¶ 61), and that Petitioner faced a statutory minimum term of 60 months imprisonment based on his 18 U.S.C. § 924(c) conviction, (id. at ¶ 69).

Based on a total offense level of 31 and a criminal history category of II, Petitioner was subject to a total term of imprisonment between 181 and 211 months, including a consecutive term of 60 months for the Section 924(c) conviction. (Id. at ¶ 107). The Probation Officer noted that Petitioner was bound to the 240-month term of imprisonment set forth in the plea agreement, (id.), and added that, had Petitioner been convicted on all counts without benefit of a plea agreement, Petitioner would have faced a term of 121 to 151 months imprisonment, followed by 30 years of consecutive imprisonment, (id. at ¶ 108). Petitioner filed objections to the PSR on January 3, 2007, primarily clarifying statements which made no impact on the guideline calculations. See (Id., Doc. No. 205-1).

On February 21, 2007, the Court conducted Petitioner's sentencing hearing. See (Id., Doc. No. 227). The Court first affirmed the acceptance of Petitioner's guilty plea. (Id. at 3). In reviewing objections to the PSR, Petitioner's counsel was satisfied with the Probation Officer's revisions, and the Court adopted the PSR. (Id. at 4). The Court then raised the agreed-upon sentence of 240 months imprisonment. (Id.). The Government stated that it would not make a

motion for departure, (id.), and Petitioner's counsel asked that the Court "consider imposing" a lesser sentence than the agreed-upon sentence, (id. at 5). The Court advised Petitioner that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), it "may accept the plea agreement or reject it," but Petitioner's counsel clarified that Petitioner did not wish to reject the plea: "We ask that you just accept the plea." (Id. at 10). Petitioner then spoke, apologizing for his actions and requesting that he be permitted to self-surrender. (Id. at 11). The Government reminded the district court that the plea was "heavily negotiated," (id.), and the Court reiterated the Probation Officer's discussion of the plea agreement in the PSR, (id. at 12).

Ultimately, the Court sentenced Petitioner to 240 months imprisonment, consistent with the plea agreement. (Id. at 14). The Court entered judgment on March 2, 2007. See (Id., Doc. No. 189). Petitioner filed a timely notice of appeal on February 28, 2007. See (Id., Doc. No. 185). On appeal, Petitioner argued that the district court violated Federal Rule of Criminal Procedure 11(b) based on the missing portion of the Rule 11 transcript. See (5:09cv48, Doc. No. 9-1). In an unpublished opinion, the Fourth Circuit affirmed the findings of the district court and further determined that Petitioner's plea was knowing and voluntary, and that Petitioner was fully advised of the matters listed in Rule 11(b)(1), based on his answers on the Rule 11 form and the recorded portion of the proceedings. See United States v. Brown, 263 F. App'x 372 (4th Cir. 2008).

Petitioner, through counsel, filed his pending motion to vacate his sentence under 28 U.S.C. § 2255 on May 7, 2009. (Doc. No. 2). On August 10, 2009, Respondent filed its Response, (Doc. No. 9), accompanied by an affidavit from M. Victoria Jayne, Petitioner's associate trial counsel, (Doc. No. 9-2). According to Respondent, Petitioner's appellate counsel

is unable to provide a responsive affidavit.  (Id.).  Also on August 10, 2009, Respondent filed a Motion for Summary Judgment, incorporating by reference its Response to Petitioner's Motion to Vacate.  (Doc. No. 10).  Petitioner filed a Response to Respondent's Motion for Summary Judgment, (Doc. No. 14), a Reply to Respondent's Response in Opposition, (Doc. No. 15), a Supplemental Memorandum, (Doc. No. 17), and Supplemental Legal Authority, (Doc. No. 19).  On June 28, 2012, this Court instructed the parties to file supplemental briefs in light of the supplemental legal authority provided by Petitioner–specifically, the U.S. Supreme Court's case in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and its companion case, Missouri v. Frye, 132 S. Ct. 1399 (2012).  (Doc. No. 21).  The parties have filed their briefs.

In his Motion to Vacate and the supporting memorandum, Petitioner identifies and argues several grounds for relief.  (Doc. No. 2).  First, Petitioner contends that trial counsel was ineffective for advising Petitioner to enter into a plea agreement containing a 240-month term of imprisonment.  As part of this argument, Petitioner also contends that (1) trial counsel erroneously applied a firearm enhancement to Petitioner's guideline calculations; (2) trial counsel incorrectly advised Petitioner as to the factual basis of a gun charge; and (3) based on counsel's deficient performance, there was a reasonable probability that Petitioner would not have accepted the terms of the plea agreement.  Petitioner further contends that trial counsel was ineffective for failing to withdraw Petitioner's guilty plea during the sentencing hearing and that trial counsel failed to have the district court leave a sufficient written record of its findings for appellate review.  Second, Petitioner contends that his pleas were neither knowing nor voluntary.  Third, Petitioner contends that appellate counsel was ineffective for failing to appeal the district court's failure to set forth its findings on the record.

**II.     STANDARD OF REVIEW**

**A.     Section 2255**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.  If a petitioner's motion is not dismissed after this initial review, the Court must direct the Government to respond.  Id.  The Court must then review the Government's answer and motion for summary judgment and any materials submitted by the parties to determine whether an evidentiary hearing is warranted under Rule 8(a).  The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**B.     Summary Judgment**

Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to motion to vacate).  Any permissible inferences which are drawn from the underlying facts must be viewed in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).  However, when the record taken as a whole could not lead a trier of fact to find for the non-moving party, granting summary judgment is appropriate.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

**III.     DISCUSSION**

**A.     Petitioner's First Claim for Ineffective Assistance of Trial Counsel**

Petitioner raises numerous contentions in support of his first claim for ineffective assistance of trial counsel. First, he contends that trial counsel was ineffective for encouraging Petitioner to enter into the plea agreement which, according to Petitioner, misapplied the sentencing guidelines. Petitioner contends that entering into the plea agreement subjected Petitioner to an improper firearm enhancement and an overstated criminal history, resulting in a reasonable probability that Petitioner would not have entered into the plea agreement in the absence of counsel's deficient performance. Petitioner further contends that trial counsel was deficient for failing to move to withdraw Petitioner's guilty plea at sentencing and for not prompting the Court for a more detailed record justifying its upward departure.

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687-92 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (emphasis in original) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).

In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

Counsel is presumed to be competent, and a petitioner seeking post-conviction relief bears a heavy burden to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id. A petitioner bears an even heavier burden where the claim of ineffective assistance of counsel follows the entry of a guilty plea. Where a defendant has pled guilty, he must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Additionally, because several of Petitioner's allegations challenge counsel's conduct at sentencing, in order to demonstrate an entitlement to relief on those matters, Petitioner must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. See Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999).

1.      **Petitioner's Contention That Trial Counsel Was Ineffective for Advising Petitioner to Accept the Plea.**

As set forth above, Petitioner first takes issue with specific terms of the plea agreement, specifically the 240-month sentence and his plea to the second gun charge in Count 15 of the indictment. (Doc. No. 2 at 17-25). Petitioner contends that trial counsel rendered ineffective assistance of counsel in advising Petitioner to enter into a plea agreement in which Petitioner

agreed to a 240-month sentence because counsel improperly advised Petitioner that, if he went to trial, he would likely be convicted of the 18 U.S.C. § 924(c) firearm offense charged in Count 15 of the indictment and would face a mandatory minimum sentence of 40 years imprisonment.  <u>See</u> (<u>Id.</u> at 11).  Specifically, trial counsel advised Petitioner that the Sentencing Guidelines range for the charges to which Petitioner was pleading guilty was 228 to 270 months imprisonment when, in fact, the Probation Office calculated the range to be 181 to 211 months imprisonment.  <u>See</u> (<u>Id.</u> at 17).  Petitioner contends that counsel based the sentencing calculation on counsel's erroneous belief that Petitioner was subject to a two-level firearm enhancement.  Petitioner contends that counsel should have known that the two-level firearm enhancement did not apply, and therefore the Adjusted Guideline Range would be 31, not 33.  (<u>Id.</u> at 24).

The firearm charge in Count 15 to which Petitioner pled guilty arose from the following facts:  On March 8, 2004, Petitioner drove his car to a Food Lion parking lot, where he met another person, a cooperating witness, to sell her methamphetamine.  <u>See</u> (<u>Id.</u> at 9-10).  When authorities arrested Petitioner in the parking lot, they found a .357 revolver in Petitioner's car. (<u>Id.</u>).  Petitioner contends that because the grand jury charged that he possessed a firearm in furtherance of drug distribution, not possession with intent to distribute, and because the firearm was locked in his car across the parking lot from the buy-bust transaction, Petitioner had a defense to Count 15 and would not likely have been convicted of that offense.  Petitioner contends that trial counsel's deficient performance resulted in a "reasonable probability" that Petitioner would not have entered into the plea agreement had he been properly advised.

Petitioner's contention of ineffective assistance of trial counsel is without merit.  First, with regard to Petitioner's claims that trial counsel provided incorrect advice regarding the

applicable guidelines, Petitioner acknowledges that both trial counsel <u>and</u> the Government

calculated the potential sentence based on a two-level firearm enhancement, which the Probation

Officer ultimately excluded. (Doc. No. 2 at 18). Moreover, Petitioner's trial counsel did file a

successful objection, which lowered Petitioner's criminal history category from III to II.[1] The

"mere misinterpretation or application of a guideline provision generally does not constitute a

miscarriage of justice that warrants relief under § 2255." <u>United States v. Mikalajunas</u>, 186 F.3d

490, 496-97 (4th Cir. 1999) (holding that petitioners' failure to file an appeal on a claim that the

district court improperly applied a guidelines adjustment amounted to a procedural default).

Most significantly, however, given the mandatory term of 30 years imprisonment that Petitioner

faced on the conspiracy charge alone, and the fact that Petitioner received a 240-month term of

imprisonment under the written plea agreement, Petitioner cannot demonstrate that an

interpretation of the guidelines made by both his counsel and the Government amounted to

ineffective performance by his trial counsel.

    Petitioner contends in his supplemental brief that the U.S. Supreme Court's recent

decision in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and its companion case, <u>Missouri v. Frye</u>,

132 S. Ct. 1399 (2012), require a finding that trial counsel was ineffective. In <u>Lafler</u> and <u>Frye</u>,

the Supreme Court held that a petitioner may be entitled to post-conviction relief where trial

counsel provided deficient advice during the plea-bargaining process and the petitioner was

prejudiced by that erroneous advice. <u>See Lafler</u>, 132 S. Ct. at 1384-85; <u>Frye</u>, 132 S. Ct. at 1409.

In evaluating ineffective assistance of counsel claims related to plea offers, however, the Court

---

[1] Petitioner points out, however, that trial counsel objected to the level III category <u>only after</u> trial counsel had advised Petitioner that his Criminal History Category was III and after Petitioner had entered into the 240-month plea agreement relying on counsel's advice. (Doc. No. 2 at 19).

made clear that the standard <u>Strickland v. Washington</u> requirement that the petitioner show that counsel's representation fell below an objective standard of reasonableness still applies. <u>Lafler</u>, 132 S. Ct. at 1384.

Here, trial counsel properly advised Petitioner that a factual basis existed to support his guilt under Count 15 of the indictment. To be convicted of using or carrying a firearm during and in relation to a drug-trafficking offense, or possessing a firearm in furtherance of such an offense, the government is required to prove that (1) the defendant used, carried, or possessed a firearm; and (2) the defendant used or carried the firearm during and in relation to a drug trafficking offense or possessed the firearm in furtherance of a drug-trafficking offense. <u>See</u> <u>United States v. Lomax</u>, 293 F.3d 701, 704 (4th Cir. 2002). To establish a violation of Section 924(c), the evidence must show that the firearm "furthered, advanced, or helped forward a drug trafficking crime." <u>Lomax</u>, 293 F.3d at 705. While the Fourth Circuit has made clear that "[a] mere accidental or coincidental presence of a gun is not enough to satisfy this requirement," the requirement is satisfied if the purpose of the firearm "is to protect or embolden the defendant." <u>United States v. Sullivan</u>, 455 F.3d 248, 260 (4th Cir. 2006).

Respondent has presented evidence on summary judgment showing that, contrary to Petitioner's assertions in his motion to vacate, the firearm at issue was not locked in a car across a parking lot from the drug-trafficking crime alleged in Count 15 of the indictment. In support of Respondent's supplemental brief, Respondent has submitted the affidavit of Lenoir Police Department Lieutenant Dwayne Pruitt. (Doc. No. 30-1). Pruitt attests in the affidavit that on the day that Petitioner was arrested in the Food Lion parking lot, "[a]t approximately 1:30 p.m., Petitioner arrived at the Food Lion and got out of his car, leaving his engine running and the

driver's side window down.  The cooperating witness was sitting in her car less than 12 feet away from Petitioner's car, and Petitioner walked directly from the driver's side of his car over to her car to show her the methamphetamine."  (Id. at 1-2).  Pruitt further states that after Petitioner was arrested officers "searched Petitioner's automobile incident to his arrest and found five plastic bags that appeared to contain methamphetamine, one of which was found in the center console of Petitioner's car.  We also found a silver Smith and Wesson .357 caliber pistol between the driver's seat and the middle console."  (Id. at 2).

Lieutenant Pruitt's affidavit establishes that the distribution offense took place less than twelve feet away from Petitioner's car, that Petitioner left the driver's side window down when he got out of his car and walked to the cooperating witness's car, and that the gun was directly beside the driver's seat of the vehicle.  Thus, had the cooperating witness threatened to rob or harm Petitioner, he could have accessed his gun easily and quickly by walking the few feet to his car and reaching through the open driver's side window.  As Respondent notes, at a minimum, a jury could reasonably have found that the firearm was present to protect or embolden Petitioner during the distribution offense.  That the firearm was found directly beside additional methamphetamine supports the conclusion that the firearm was intended to facilitate the drug-trafficking offense.

Trial counsel's advice, therefore, that the government's evidence would support his conviction of the offense charged in Count 15 was reasonable advice and does not constitute deficient representation.  Furthermore, Petitioner does not suggest that, had he been convicted of the Section 924(c) offense charged in Count 15, as well as the Section 924(c) offense with which he was also charged, he would have received a sentence under 240 months in prison.  Petitioner

has not, therefore, shown either deficient representation or prejudice under <u>Strickland</u>, <u>Lafler</u> or <u>Frye</u>, and his claim of ineffective assistance of counsel based on this alleged poor advice fails.

In sum, Petitioner has not shown ineffective assistance of trial counsel based on trial counsel's advice to Petitioner regarding whether Petitioner should plead guilty to the firearm charge.

**2.      Petitioner's Contention That Trial Counsel Was Ineffective for Failing to Withdraw the Guilty Plea at Sentencing.**

Next, Petitioner alleges that trial counsel told him that he would be sentenced within the guideline range calculated in the PSR rather than the term of imprisonment stipulated in the plea agreement and that trial counsel was ineffective for failing to seek withdrawal of Petitioner's guilty plea at sentencing.  (Doc. No. 2 at 25).  Petitioner contends that the Supreme Court's decision in <u>Freeman v. United States</u>, 131 S. Ct. 2685 (2011), supports his ineffective assistance of trial counsel claim.  In <u>Freeman</u>, the Supreme Court held that a defendant may be eligible for sentencing relief under 18 U.S.C. § 3582(c)(2), where the defendant pled guilty pursuant to Rule 11(c)(1)(C), and where the district court imposed a sentence under Rule 11(c)(1)(C) that was based on a sentencing guidelines range of imprisonment that was later subject to a retroactive amendment that reduced that guidelines range.  <u>Id.</u> at 2690.  Although Petitioner concedes that his sentence was not based on a guidelines range that was later reduced by amendment and that he is not seeking a sentence reduction under Section 3582(c)(2), Petitioner asserts that <u>Freeman</u> supports his contention that the Court improperly failed to state on the record justifiable reasons for accepting a guilty plea that included a sentence above the applicable guidelines range.

Petitioner's claim fails.  First, <u>Freeman</u> merely acknowledges the commentary to Sentencing Guidelines § 6B1.2 that requires a court to accept a Rule 11(c)(1)(C) plea only if the

Court is satisfied that the sentence is an appropriate sentence within the applicable guideline range or, if not, that the sentence departs from that range for justifiable reasons. See Freeman, 131 S. Ct. at 2692. The Court's holding did not alter a district court's responsibilities under § 6B1.2. Furthermore, Petitioner's contention of ineffective assistance contrasts with the Rule 11 transcript and completed form, the sentencing transcript, and the sworn affidavit of Petitioner's trial counsel, who felt successful in negotiating a plea with a specific sentence of 240 months notwithstanding the "overwhelming" evidence against Petitioner. (Doc. No. 9-2 at ¶¶ 5-6). Counsel further states that she advised Petitioner on several occasions that, without the plea agreement, which dismissed the second Section 924(c)(1) charge, Petitioner faced significantly more prison time, which counsel calculated to be about 40 years. (Id. at ¶ 8).

The sentencing record further shows that counsel heavily advocated on Petitioner's behalf for a departure from the agreed-upon sentence, (id. at ¶ 9), and Petitioner added, "I do know that I do deserve some time, but I'm asking you to take all that I've done in consideration and sentence me by the guideline." See (5:05cr237, Doc. No. 226 at 10). Petitioner never indicates on the record that he wanted to withdraw his plea, and his trial counsel states that he never informed her of any desire to do so. (Doc. No. 9-2 at ¶¶ 7-8).

Finally, even if Freeman provided some support for Petitioner's argument, he waived his right to challenge his sentence on collateral review in his plea agreement, and his claim for relief is procedurally barred because he did not present this argument on direct appeal.

In sum, trial counsel was not ineffective for failing to attempt to withdraw Petitioner's guilty plea at sentencing.

**3.      Petitioner's Contention That Trial Counsel Was Ineffective for Failing to Instruct the Court to Provide a More Detailed Record.**

Petitioner also contends that trial counsel failed to inform the Court of its obligation to adequately set forth a written justification for sentencing Petitioner to a sentence that departed upwards from the sentencing guidelines range. (Doc. No. 2 at 27-28). A court may accept a plea agreement containing a specific sentence that departs from the applicable guideline range if the court sets forth in writing "justifiable reasons" for doing so, whether in the judgment and commitment order or in the statement of reasons. U.S.S.G. § 6B1.2(c)(2). The record shows that the Court carefully questioned Petitioner's trial counsel whether Petitioner wished to withdraw his guilty plea during the Rule 11 and sentencing hearings, and the Court explained its duty under Rule 11(c)(1)(C). At all times, Petitioner and his counsel indicated that the district court should accept the plea agreement. Once the Court accepted the plea, it was bound to sentence Petitioner to the agreed-upon term, pursuant to Rule 11. Furthermore, Petitioner entered into the plea agreement knowing he was receiving a term of imprisonment that was much shorter than the term that he originally faced had he proceeded to trial.

To the extent that Petitioner claims the record fails to justify the Court's sentencing and departure, the Statement of Reasons clearly states that the Court departed above the advisory guideline range based on the binding, written plea agreement. See (5:05cr237, Doc. No. 190). Moreover, as the Court has discussed, supra, if Petitioner had withdrawn the guilty plea he would have exposed himself to a possible 40-year sentence. In sum, Petitioner has failed to show that trial counsel was ineffective for failure to "instruct the Court" to provide a more detailed record.

**B.      Petitioner's Second Claim for Ineffective Assistance of Trial Counsel**

In his second ground for relief, Petitioner claims that his guilty pleas were neither

knowing nor voluntary. Claims that have been already addressed and rejected on direct appeal cannot be relitigated in the form of a § 2255 motion. See United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); see also United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (explaining that the law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court"). The Rule 11 and sentencing transcripts contain numerous references to the agreed-upon sentence of 240 months imprisonment and affirmations made by Petitioner which demonstrate that Petitioner's plea was both knowing and voluntary. The Fourth Circuit specifically held that Petitioner's plea was knowingly and voluntarily entered, based in part on the completed "Entry and Acceptance of Guilty Plea" form, which Petitioner and his trial counsel both signed. Brown, 263 Fed. App'x at 374. The Fourth Circuit additionally held that the responses on the form "disclose that [Petitioner] was fully advised in accordance with [Rule 11]." Id. Thus, Petitioner may not relitigate this issue, as it was decided against him on direct appeal.

## C.    Petitioner's Third Claim for Ineffective Assistance of Appellate Counsel

Finally, Petitioner claims that appellate counsel failed to argue on direct appeal that the Court failed to adequately state "justifiable reasons for departing from the PSR's" guidelines range. Petitioner contends that if appellate counsel had called attention to the lack of findings by the Court, the Fourth Circuit would have remanded the case for re-sentencing. The Sixth Amendment right to effective assistance of counsel extends to assistance on direct appeal of a criminal conviction. See Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc) (citations omitted). Appellate counsel is presumed to have "decided which issues were most likely to afford relief on appeal," and is "not obligated to assert all non frivolous issues on appeal." (Id.)

(citing <u>Jones v. Barnes</u>, 463 U.S. 745, 752 (1983)).

    As set forth above in addressing the trial counsel's responsibility to inform the Court of its responsibilities under Rule 11(c)(1)(C) and U.S.S.G. § 6B1.2(c), the record shows that the Court properly stated its acceptance of the plea agreement and its terms on the Statement of Reasons. Thus, contrary to Petitioner's assertion, the record was sufficient and Petitioner's appellate counsel acted well within the <u>Strickland</u> standard. Petitioner's third and final ground is also without merit.

## IV.    CONCLUSION

In sum, for the reasons stated herein, the Court finds that Petitioner's claims in his Section 2255 motion are without merit and the Court will, therefore, grant summary judgment to Respondent.

**IT IS, THEREFORE, ORDERED THAT:**

1.    Respondent's Motion for Extension of Time , (Doc. No. 29), is **GRANTED** nunc pro tunc;

2.    Respondent's Motion for Summary Judgment, (Doc. No. 10), is **GRANTED**;

3.    Petitioner's § 2255 Motion to Vacate, (Doc. No.1), is **DENIED** and **DISMISSED**; and

4.    Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong).

Signed: January 4, 2013

Richard L. Voorhees
United States District Judge